Jack W. GRIGSBY, Plaintiff-Appellant,

v.

DEPARTMENT OF ENERGY and James Edwards, Secretary of Energy, Defendants-Appellees,

and

The United States of America, Counterclaimant-Appellee.

No. 5–81.

Temporary Emergency Court of Appeals.

Argued Jan. 7, 1983.

Decided Jan. 18, 1983.

Rehearing Denied March 1, 1983.

Certiorari Denied April 18, 1983.
See 103 S.Ct. 1780.

H.H. Hillyer, Jr., New Orleans, La., with whom J. Henry Phillips, III, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., and Marlin Risinger, Jr. and W. Michael Adams, Blanchard, Walker, O'Quin & Roberts, Shreveport, La., of counsel, were on the brief for plaintiff-appellant.

Barbara Ward, Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen., and Dennis G. Linder, Dept. of Justice, and Daniel F. Shea and Larry Ellsworth, of counsel, Dept. of Energy, Washington, D.C., were on the brief for defendants-appellees.

Before BROWN, HEMPHILL and POINTER, Judges.

PER CURIAM:

This case has been before this Court on appeal once before in *Grigsby v. Doe,* 585 F.2d 1069, opinion on rehearing at 585 F.2d 1080 (Em.App.1978), which will be referred hereafter as *Grigsby I.* The salient facts are stated there and need not be repeated. On rehearing, this Court held that the production from Robert Leger Well No. 1 was entitled to be treated as "new" oil, on and after June 24, 1976. This result followed from the fact that official recognition and unitization as of that date by the Louisiana Office of Conservation (LOC) of the Upper Heywood "A" Sand, Reservoir A, Sand Unit B (Upper Heywood), as a unit separate from the Heywood Sand, Reservoir A, Sand Unit B (Heywood), brought it within DOE's then definition of "separate property." However, the matter was remanded to the trial court for trial on a disputed material factual issue. That issue was whether the Upper Heywood A reservoir had been treated as part of the same unit which covered the Heywood reservoir prior to June 24, 1976, or whether it had been treated as a separate unit before that date. On remand, appellant was unable to carry his burden to show separate unit treatment of the Upper Heywood Reservoir A, as found by the district court. Consequently, the Robert Leger Well No. 1 production before June 24, 1976 should have been priced as "old" oil by appellant.

A close examination of this appeal reveals that appellant does not seek review of any error made by the district court except insofar as the district court complied with this Court's directions on remand. Appellant actually seeks review of the decision by this Court in *Grigsby I,* claiming that the instructions therein to the trial court were erroneous. The prior holdings of this Court are the law of this case, and were properly followed by the district court.

More importantly, we believe the holdings in *Grigsby I* were and remain correct. The prior opinion stated that the need for certainty and finality in the enforcement of price control regulations militated against retroactive application of the LOC's subsequent separate unitization and held that DOE was presumptively entitled to rely on earlier unit classifications by the regulating state, even if those classifications were erroneous in fact.

*Grigsby I* provided appellant with an opportunity, albeit limited, to establish that the Robert Leger Well No. 1 had been treated as a separate property prior to the state's reclassification, but appellant was unable to do this on remand.

For the foregoing reasons, the decision appealed from is AFFIRMED.